HAWKINS, Senior Circuit Judge,
concurring:
There is a certain value in saying what is necessary and no more. Here, although I have no quarrel with the bottom line result, I am concerned that the majority goes further than needed in announcing, for the first time anywhere, that a pro se criminal defendant has no right to be advised of the opportunity to present closing argument.
I agree, given the litigation history of this case, that the failure to ask Raymond Bell if he wished to make a closing statement to the jury was not error. Certainly the better practice would have been to ask, particularly in the circumstances of this case where the district court urged the jury to listen carefully to the arguments of the prosecution and Bell’s represented co-defendant who both proceeded to make arguments attempting to undermine Bell’s case.
I would affirm, but on the narrower grounds that Bell’s non-participation during the course of the trial and his failure to object or request argument effectively waived his right to make a closing argument. I would not say, as I think the majority does, that a defendant in a criminal case, pro se or otherwise, need not be *1260 advised of an opportunity to make closing remarks to the jury.